UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL PRYOR,

       Plaintiff,       **COMPLAINT**

   -against-          Jury Trial

THE CITY OF NEW YORK, P.O. GUZMAN,
P.O. ORTIZ, JOHN AND JANE DOES 1-5,

       Defendants.

------------------------------------------------------------------X

  Plaintiff MICHAEL PRYOR by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

### PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of New York, City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Individual Defendants are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities. To the extent, the individual defendants claim they were not acting under the color of state law, they are sued in their individual capacities.

### FACTS

9. On October 31, 2013, around 8 p.m., plaintiff was inside a parking lot with his friend who needed plaintiff's assistance with his vehicle that was legally parked.

10. Plaintiff's friend is morbidly obese and asked plaintiff to help screw on license plates on his car because he was physically unable to do so.

11. The parking lot was located at 157th street and St. Nicholas Avenue.

12. As plaintiff and his friend worked on the car, defendants Guzman and Ortiz pulled in in their unmarked car and started questioning plaintiff and his friend.

13. Plaintiff and his friend both informed the officers that they had a legal right to be there, the friend was the rightful and legal owner of the vehicle and they had committed no crime.

14. Despite their valid reasons, plaintiff and his friend were stopped, frisked and eventually arrested for "trespassing." The defendant officers also allegedly found some marijuana on plaintiff's person.

15. Defendants then transported plaintiff to the 33rd precinct with tightly cuffed handcuffs which restricted blood-flow and caused unnecessary pain, where he was strip-searched and booked on the false charge of trespassing and possession of marijuana.

16. Based on the falsity of the charges plaintiff spent 24 hours in custody before he was released ROR by the judge.

17. Plaintiff made repeated trips to the Court before the false charges against him were thrown out on or about September 2014.

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure/false arrest/excessive force)

18. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

19. Plaintiff was stopped, frisked and arrested for no reason.

20. Plaintiff suffered injuries when he was arrested and when defendants tightened the handcuffs placed on plaintiff.

21. Plaintiff was held without just cause and did not consent to the confinement. Plaintiff was unnecessarily strip-searched even though the charges did not warrant a strip-search.

22. Plaintiff spent over 24 hours in jail and was aware of his confinement.

23. Plaintiff was then released by the judge on ROR.

24. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, unlawful search and seizure and unlawful imprisonment were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

25. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26. Defendants fabricated probable cause and detained plaintiff.

27. Defendants then arrested plaintiff and had him transported to the 33rd precinct.

28. The false fabricated charge denied plaintiff the right to a fair trial or a hearing at the arraignment and during repeated court appearances before the charges were dismissed.

29. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Conspiracy under Section 1985)

30. Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

31. Defendants targeted plaintiff and conspired with each other to deprive plaintiff of his civil rights and equal protection under the laws.

32. The individual defendants knew that plaintiff was not trespassing and was simply helping his friend fix a vehicle in a parking lot with permission.

33. The individual defendants conspired with one another to hide each other's misconduct and failed to inform the DA that plaintiff was innocent of trespassing and other charges.

34. The individual defendants had a vested interest in the cover-up and the ensuing conspiracy because they knew they had falsely sworn out a complaint against plaintiff and recanting it would subject them to perjury, prosecution, disciplinary action, loss of overtime and or transfer to a less desirable precinct.

35. In addition, because of their ranks, status and vested interests, the intra-corporate conspiracy doctrine immunity is inapplicable to them.

36. As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal/*Monell* Liability)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. Defendant City has failed to properly train individual defendants as to

what constitutes a crime or probable cause that is needed to make an arrest for trespassing or to train them on probable cause to search a person or the proper use of handcuffs so that they do not restrict blood-flow and cause unnecessary pain.  In addition, defendant City fails to adequately discipline the employees of the NYPD for acting in unlawful manner.

40. Because of the lack of training on the law, individual defendants arrest innocent citizens like plaintiff for the charge of trespassing or search them unlawfully even though they have no reason, let alone probable cause to arrest and initiate and continue malicious prosecution against the arrested individuals.

41. In addition, NYPD officers have faced several class action lawsuits dealing with arresting individuals for trespassing even though these individuals had a legal right to be at the subject location.  The widespread lack of training, or disciplining the officers like the individual defendants allow defendants to walk away with impunity while at the same time causing constitutional injuries to individuals like plaintiff. Furthermore, the NYPD lacks a policy in ensuring that individual officers like defendants follow-up for court appearances for the charges they have filed against individuals like plaintiff to ensure that plaintiff and others like him do not have to repeatedly come to court and have the case either adjourned or dismissed because the individual officers fail to follow up on their "complaint."

42. Defendant City through the NYPD is aware that most of its officers would encounter situations presented in the foregoing paragraphs but have turn a blind-eye to them and have been deliberately indifferent to their constitutional rights.

43. The City, at all relevant times, was aware that these individual defendants

routinely commit constitutional violations such as those at issue here and has failed to change its policy and or is deliberately indifferent to its effect on innocent individuals.

44.     As a result of the deliberate indifference, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     Defendants knew that by filing false charges against Plaintiff, he would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff was engaged in criminal activity.

47.     Due to Defendants' actions, Plaintiff was deprived of life and liberty interest for over nearly two years.

48.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.  In addition, the individual defendants failed to show up for court hearings and unnecessarily prolonged plaintiff's liberty.

49.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of her state and federal rights.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 17, 2016

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiff*