UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MICHAEL PRYOR,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :           16-CV-8232 (VSB)
                - against -                                 :
                                                            :           **OPINION & ORDER**
                                                            :
CITY OF NEW YORK,                                           :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/2018

Appearances:

Vikrant Pawar
Vik Pawar, Attorney at Law
New York, New York
*Counsel for Plaintiff*

Valerie Elizabeth Smith
New York City Law Department
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Michael Pryor brings this action against the City of New York ("City"), alleging municipal liability claims arising out of his false arrest on September 30, 2013. Before me is the City's motion to dismiss the fourth amended complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because Plaintiff fails to plausibly allege a policy or custom on behalf of the City, the City's motion to dismiss is GRANTED.

---

[1] In his opposition, Plaintiff withdraws two of the four causes of action in the FAC, namely (i) municipal liability pursuant to 42 U.S.C. § 1981 and (ii) municipal liability pursuant to Title VI of the Civil Rights Act of 1964. (Pl's Opp. 5.) Accordingly, I do not address those causes of action in this Opinion & Order. "Pl.'s Opp" refers to the Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint, filed February 23, 2018. (Doc. 65.)

## I. Background[2]

On September 30, 2013, at approximately 8:00 p.m., Plaintiff and a friend were at a parking lot located inside a New York City Housing Authority ("NYCHA") building. (FAC ¶¶ 8–10.) Plaintiff's friend had asked Plaintiff to help him screw license plates on friend's car. (FAC ¶ 9.) As Plaintiff and his friend worked on the vehicle, Police Officer Danny Guzman and two other officers approached them and started questioning them. (FAC ¶ 11.) Plaintiff and his friend insisted that "they had a legal right to be [in the parking lot]," and that Plaintiff's friend was "the rightful and legal owner of the vehicle." (FAC ¶ 12.)

At this point, Plaintiff was "unlawfully stopped, frisked, searched and prosecuted for 'trespassing.'" (FAC ¶ 13.) The officers "also allegedly found some marijuana on [P]lantiff's person." (FAC ¶ 14.) Plaintiff was handcuffed tightly, restricting blood flow and causing unnecessary pain. (*Id.*) At the precinct, Plaintiff was strip-searched and booked for trespassing. (*Id.*)

Police Officer Guzman drafted a false criminal court complaint on the "false and fabricated charges." (FAC ¶ 16.) Police Officer Guzman drafted the criminal charges against Plaintiff, and his supervisor signed off on the criminal complaint. (*Id.*) The "false and fabricated charges against [P]laintiff were eventually dismissed on October 1, 2014." (*Id.*)

## II. Procedural History

On October 21, 2016, Plaintiff commenced this action against Police Officer Anderson Ortiz, Police Officer Guzman (the "Individual Officers"), and the City alleging that on October

---

[2] The following factual summary is drawn from the allegations of the amended complaint and documents attached to the amended complaint, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

31, 2013, he was falsely arrested, unlawfully searched and seized, subjected to excessive force, was the subject of a conspiracy, was denied his right to fair trial, and subsequently maliciously prosecuted. (Doc. 1.) On February 13, 2017, Plaintiff filed an amended complaint, changing the date of incident from October 31, 2013 to September 30, 2013, and withdrawing claims of false arrest, unlawful search and seizure, and excessive force, as these claims were barred by the statute of limitations. (Doc. 8.)

On July 7, 2017, I issued an order dismissing Plaintiff's claims against the Individual Officers due to Plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and directing Plaintiff to file any amended complaint by July 14, 2017. (Doc. 27.)[3] Plaintiff filed a second amended complaint on July 12, 2018, (Doc. 28), and then filed a third amended complaint on August 7, 2017, (Doc. 32).

On November 27, 2017, plaintiff filed the FAC. (Doc. 55.) In granting Plaintiff leave to file the FAC, I explicitly stated that no further amendments would be granted. (*Id.*) The FAC solely alleges municipal liability claims against the City. On January 16, 2018, the City filed a motion to dismiss the FAC, (Doc. 58), along with a memorandum of law, (Doc. 60), and declaration with exhibits, (Doc. 59), in support of its motion. On February 23, 2018, Plaintiff filed his opposition to the City's motion. (Doc. 65.) On March 9, 2018, the City filed a reply in further support of its motion. (Doc. 66.)

### III. <u>Legal Standards</u>

#### A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

---

[3] Plaintiff's claims against the Individual Officers were dismissed without prejudice. On July 17, 2017, Plaintiff re-filed his claims against the Individual Officers in a separate action, 17-cv-5388 (VSB), which is currently pending before me (the "Related Case").

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

      **B.**     ***Section 1983***

Section 1983 provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure

for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1703 (2015). Further, "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

IV. **Discussion**

Defendants argue that Plaintiff's claims for municipal liability are barred by the applicable statute of limitations, (City Mem. 4–7),[4] and that the allegations in the FAC fail to state a claim. Plaintiff concedes that his claims for municipal liability rest entirely on the Individual Officers' actions, (*see* Pl.'s Opp. 9), all of which took place on September 30, the day of his arrest, or October 1, 2013, the day the criminal complaint issued. Because I find that Plaintiff fails to plausibly allege a policy or custom on behalf of the City, Plaintiff's municipal liability claims cannot proceed against the City.

A. *Statute of Limitations*

"Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Accordingly, "[s]ection 1983 actions in New York are subject to a three-year statute of limitations," *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015), and is triggered when a "plaintiff knows or has reason to know of the injury which is the basis of his

---

[4] "City Mem." refers to the City's Memorandum of Law in Support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed January 16, 2018. (Doc. 60.)

5

action," *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

Plaintiff's claims for municipal liability arise entirely out of Plaintiff's alleged false arrest and/or fabrication of evidence in connection with Plaintiff's arrest. Both of these claims accrued at the time that Plaintiff was arrested. *See Cotto v. City of New York*, No. 16 Civ. 8651 (NRB), 2018 WL 3094915, at *4 (S.D.N.Y. June 20, 2018) ("False arrest and imprisonment claims accrue once a detainee is held pursuant to the legal process, for example, when he is arraigned on charges." (citing *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)); *Garnett v. Undercover Officer C0039*, No. 1:13-cv-7083-GHW, 2015 WL 1539044, at *4 (S.D.N.Y. Apr. 6, 2015) ("[A] fabrication of evidence] claim accrues when the officer forwards the false information to the prosecutors."); *Mitchell v. Home*, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005) ("[A] fair trial claim premised on fabrication of evidence accrues when the plaintiff learns or should have learned that the evidence was fabricated and such conduct causes the claimant some injury."). Plaintiff's claims against the Individual Officers thus accrued on the date of his arrest on September 30, or October 1, 2013, and the three-year statute of limitations for those claims expired on or about September 30, or October 1, 2016. Plaintiff did not file the instant complaint until October 21, 2016. As such, Plaintiff's claims against the Individual Officers—which in turn form the basis for Plaintiff's municipal liability claims against the City—are barred by the three-year statute of limitations.[5]

However, Plaintiff's *Monell* claims relating to false arrest and fabrication of evidence are not necessarily time-barred. "Since an actionable claim under § 1983 against a county or

---

[5] This argument is addressed in greater detailed in my Opinion & Order on the Individual Officers' motion to dismiss in the Related Case, filed on September 21, 2018. (No. 17-cv-5388 (VSB), Doc. 53.)

municipality depends on a harm stemming from the municipality's policy or custom, a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county policy or custom." *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (citation and internal quotation marks omitted). Since it is not clear from a review of the allegations in the FAC that Plaintiff was aware of his *Monell* claims or the existence of a policy or custom at the time of his arrest on September 30, 2013,[6] I will consider the merits of Plaintiff's municipal liability claims against the City.

### B. *Municipal Liability*

#### 1. Applicable Law

Because the language of § 1983 makes clear that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort," and a municipality "cannot be held liable *solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In order to succeed on a claim against a municipality under § 1983 based on acts of government officials, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). Therefore, a plaintiff must establish a violation of his constitutional rights in order to succeed in a claim for municipal

---

[6] I note that Plaintiff does not explicitly raise this argument in his opposition to the City's motion to dismiss, and instead relies on *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), to argue that his claims are timely. Plaintiff's citation to *Manuel* is misplaced. *Manuel* does not discuss the statute of limitations for a false arrest or municipal liability claim. In *Manuel*, the Court addressed the statute of limitations for a malicious prosecution claim, explaining that a separate Fourth Amendment claim may be brought for the time that an individual remains in custody following the commencement of criminal proceedings. *Id.* at 918–19.

7

liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

When determining whether municipal liability applies, a court must "conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" *Cowan*, 95 F. Supp. 3d at 637 (quoting *Davis v. City of New York*, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003)). In order to prevail, a plaintiff must allege either "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). A plaintiff cannot show a "policy" or "custom" sufficient to impose municipal liability merely by providing "[p]roof of a single incident of unconstitutional activity . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see also Cowan*, 95 F. Supp. 3d at 637 ("Generally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (internal quotation marks omitted)).

Further, a "[p]laintiff must . . . prove a causal link between the policy, custom or practice and the alleged injury in order to find liability against a municipality." *Brandon*, 705 F. Supp. 2d at 277; *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Accordingly, in order to survive a motion to dismiss, a plaintiff "cannot merely allege the existence of a municipal policy

8

or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Kucharczyk v. Westchester Cty.*, 95 F. Supp. 3d 529, 540 (S.D.N.Y. 2015) (internal quotation marks omitted).

### 2. Application

The FAC asserts that the City should be held liable because "the NYPD has engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority" that has deprived Plaintiff of his constitutional rights, including engaging in "unlawful stop, frisk and search[es]," and "arrests without probable cause," and "fail[ing] to enact a policy or training program." (*See* SAC ¶¶ 18–19.) The FAC does not sufficiently allege an official policy or custom, as it exclusively contains conclusory allegations that the City has a policy or practice of wrongfully arresting, searching, and maliciously prosecuting individuals. *See Kucharczyk*, 95 F. Supp. 3d at 540. The FAC's reference to other cases involving allegedly similar unlawful conduct without any allegations as to the ultimate disposition of those lawsuits is insufficient to allege a practice so widespread and persistent as to amount to a policy or custom of the City. (*See, e.g.*, FAC ¶¶ 24, 31.) These allegations do not plausibly allege a widespread and persistent practice sufficient to infer a policy or custom for *Monell* liability. *See Walker v. City of New York*, No. 14-CV-808 (ER), 2015 WL 4254026, at *9 (S.D.N.Y. July 14, 2015) (finding that allegations of thirty-six lawsuits involving allegedly false arrests, over the span thirteen years, were "insufficient to plausibly support an inference of a widespread custom"); *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *17 (S.D.N.Y. Mar. 26, 2015) (finding that "allegations of thirteen instances of excessive force during arrests over four years . . . do[] not plausibly demonstrate that the use of excessive force during arrest was so frequent and pervasive to constitute a custom"); *Collins v. City of New York*,

9

923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) ("[T]he litany of other police-misconduct cases are insufficient to make a plausible case for *Monell* liability.").

While it is true that courts may take judicial notice of filings in other lawsuits, they do so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The fact that other plaintiffs have initiated lawsuits against the City and other defendants alleging similar wrongful conduct does not establish that the City committed the wrongful conduct alleged. *See Walker*, 2015 WL 4254026, at \*9 ("It is not within this Court's purview to assess the veracity of either the claims of outside plaintiffs, or the defenses presented against them in cases that have settled or are pending before other judges."). Therefore, Plaintiff fails to allege *Monell* liability under this theory. Accordingly, Plaintiff's municipal liability claims fail to allege a policy or custom, and the City's motion to dismiss is granted.

### C. *Dismissal with Prejudice*

The City requests that I dismiss Plaintiff's claims with prejudice, and Plaintiff has made no request for leave to amend in the event of dismissal. Under Federal Rule of Civil Procedure 15(a)(2), "[l]eave to amend is to be freely given when justice requires." *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013). Courts will deny leave to amend in cases of, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). Here, I find that Plaintiff's repeated failures to cure deficiencies warrant dismissal of his claims with prejudice. Plaintiff amended his complaint four times, and two of those attempts

were in response to a pending motion to dismiss. (*See* Docs. 25, 27, 37, 54.) Moreover, in granting Plaintiff leave to file the FAC, I explicitly stated that no further amendments would be granted. (Doc. 54.) Thus, Plaintiff's claims are dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, the City's motion to dismiss is GRANTED, and Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 58), enter judgment for Defendant, and close this case.

SO ORDERED.

Dated: September 21, 2018
      New York, New York

_____
Vernon S. Broderick
United States District Judge